IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| YONAS WALDEMICHAEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-04-1751-W |
| ) | |
| RON WARD, DOC-DIRECTOR, ) | |
| ) | |
| Respondent. ) | |

## **REPORT AND RECOMMENDATION**

Mr. Yonas Waldemichael sought habeas relief in connection with his state court conviction, and Respondent Ward moved for dismissal based on untimeliness. The Court should grant the Respondent's motion to dismiss.

## **Background**

Mr. Waldemichael pled guilty to state court charges. *See* Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody at p. 2 (executed Dec. 15, 2004) ("Petition"). After he obtained leave to appeal out of time, the state district court denied his request to withdraw the guilty plea and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed on July 9, 2002. *See id.* at pp. 2, 5.

On July 9, 2003, Mr. Waldemichael filed an application for post-conviction relief in the state district court. *See id.* at pp. 3, 6. The court denied the application, and the OCCA affirmed the denial of post-conviction relief on February 3, 2004. *See id.* at pp. 4, 7.

Mr. Waldemichael filed the habeas petition in this Court[1] no earlier than December 15, 2004.[2]

## Timeliness of the Present Action

The present action is untimely because it was initiated after expiration of the limitations period.

I.   Statute of Limitations

Under federal law, a one-year period of limitations exists for the filing of federal habeas actions. *See* 28 U.S.C. § 2244(d)(1) (2000). This period begins to run from "the latest of" four dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (2000).[3]

---

[1]   In objecting to the motion to dismiss, the Petitioner states: "The Supreme Court has made indication that Petitioner's claim may lie with another Jurisdiction of another Court for relief under the Vienna Convention Laws." Response to Motion to Dismiss at p. 1 (Mar. 23, 2005). But the Petitioner does not explain this comment.

[2]   The petition contains a verification signed by Mr. Waldemichael on December 15, 2004. Petition at p. 10. The petition is deemed "filed" when Mr. Waldemichael gave it to prison authorities for mailing. *See Hoggro v. Boone*, 150 F.3d 1223, 1226 n.3 (10th Cir. 1998); *see also Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a prisoner's notice of appeal is deemed "filed" when he delivers it "to prison authorities for forwarding to the district court"). In this situation, the Court should assume *arguendo* that Mr. Waldemichael had given the petition to authorities for mailing on the same day that he verified it. *See United States v. Gray*, 182 F.3d 762, 766 (10th Cir. 1999) ("Because the only evidence of the date appellant gave his motion to prison authorities for mailing is his certificate of service, which contains a declaration in compliance with 28 U.S.C. § 1746, that he did so on April 21, appellant's motion was timely.").

[3]   In part, Mr. Waldemichael alleges violations of the Vienna Convention, stating that the document is not clearly established in the United States Courts. Petition at p. 5; Response to Motion to Dismiss at p. 1 (Mar. 23, 2005). The characterization is immaterial, as the United States Supreme
(continued...)

As noted above, the OCCA affirmed Mr. Waldemichael's conviction on July 9, 2002. *See supra* p. 1. The Petitioner apparently did not seek review in the United States Supreme Court. As a result, his conviction became final 90 days later,[4] which was October 7, 2002.[5] Thus, without tolling, the limitations period would have expired on October 7, 2003.

II.   Statutory Tolling

Federal law provides that the limitations period is tolled for a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2) (2000). Mr. Waldemichael filed an application for post-conviction relief on July 9, 2003, which triggered the tolling provision. *See supra* p. 1. The post-conviction proceedings were pending in state court until February 3, 2004, which was a total of 209 days. *See id.* With tolling for the post-conviction proceedings in state court, the Petitioner's limitations deadline

---

[3](...continued)
Court has held that a state prisoner's "ability to obtain relief based on violations of the Vienna Convention is subject to" the Antiterrorism and Effective Death Penalty Act of 1996. *Breard v. Greene*, 523 U.S. 371, 376-77 (1998) (*per curiam*).

[4]   Mr. Waldemichael had 90 days from July 9, 2002, to file a petition for a writ of certiorari in the United States Supreme Court. *See* 28 U.S.C. § 2101(c) (2000) (stating that "any writ of certiorari . . . shall be . . . applied for within ninety days after the entry of . . . [the underlying] judgment or decree"); Rule 13(1), Rules of the Supreme Court of the United States (eff. May 3, 1999) (a certiorari petition is timely if it is filed within 90 days of the entry of judgment by a state court of last resort).

[5]   *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) ("Under [28 U.S.C. § 2244(d)(1)(A)], a petitioner's conviction is not final . . . following a decision by the state court of last resort - [until] 'after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.'" (citation omitted)).

was extended 209 days past October 7, 2003. Thus, without further tolling, Mr. Waldemichael's limitation period would have expired on May 3, 2004.

III.     Equitable Tolling

The limitations period may be subject to equitable tolling "in rare and exceptional circumstances. . . ." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). These circumstances are not present here.

To justify equitable tolling, the petitioner must "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citations omitted). For example, equitable tolling may be appropriate when: (1) "a constitutional violation has resulted in the conviction of one who is actually innocent or incompetent,"[6] (2) "an adversary's conduct - or other uncontrollable circumstances - prevents a prisoner from timely filing," or (3) "a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period . . . ."[7] Mr. Waldemichael asks the Court to recognize equitable tolling here, but does not allege any facts suggesting that he is actually innocent of the charges, that uncontrollable circumstances prevented him from timely filing his petition, or that he filed a defective pleading during the statutory period. *See supra* p. 4.[8]

---

[6]     *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

[7]     *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted).

[8]     Mr. Waldemichael states that he is a foreign national and not part of the American culture. Response to Motion to Dismiss at p. 1 (Mar. 23, 2005). But his status as a foreign national does not
(continued...)

IV. <u>Summary</u>

With statutory tolling, the limitations period expired on May 3, 2004, and the habeas petition is time-barred because it was filed over seven months later. As a result, the Court should grant Mr. Ward's motion to dismiss.

### Notice of Right to Object

Mr. Waldemichael may seek review by filing an objection with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is April 19, 2005. *See* W.D. Okla. LCvR 72.1(a). The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

### Status of the Referral

The referral to the undersigned is terminated.

Entered this 30th day of March, 2005.

_____
Robert E. Bacharach
United States Magistrate Judge

---

[8](...continued)
support equitable tolling. *See*, *e.g.*, *Gonzales v. Beck*, 118 Fed. Appx. 444, 446-47 (10th Cir. Dec. 13, 2004) (unpublished op.) (holding that equitable tolling was not justified by a lack of proficiency in the English language when a state prisoner sought habeas relief based on an inability to call the Mexican Consulate as required by treaty).