IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED
APR 2 5 2005
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____DEPUTY

| | |
|---|---|
| YONAS WALDEMICHAEL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   No. CIV-04-1751-W |
| | ) |
| RON WARD, DOC-Director, | ) |
| | ) |
| Respondent. | ) |

## ORDER

On March 30, 2005, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation in this matter and recommended that the Motion to Dismiss filed by respondent Ron Ward be granted and that the Petition for a Writ of Habeas Corpus ("Petition") filed by petitioner Yonas Waldemichael be dismissed. Waldemichael was advised of his right to object, and he has filed an Objection to the Report and Recommendation.

Upon de novo review of the record, the Court concurs with Magistrate Judge Bacharach's finding that the present action is untimely and with his recommended disposition of the matter. Waldemichael had one year, absent statutory or equitable tolling, to commence this action. E.g., 28 U.S.C. § 2244(d)(1). Under the circumstances, the applicable one-year period began to run from "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," id. § 2244(d)(1)(A), which in this case was October 7, 2002. Therefore, without tolling, the limitations period for commencing this action expired on October 7, 2003.

Federal statutory law tolls this limitations period during the time "a properly filed application for State post-conviction . . . is pending," id. § 2244(d)(2), and because Waldemichael's state post-conviction efforts triggered this tolling provision, his limitations period was extended to, and did not expire until, May 3, 2004.

Waldemichael did not, however, file the instant Petition until December 2004. In reviewing Waldemichael's submissions, the Court finds that Waldemichael has advanced no grounds which warrant equitable tolling of this limitations period, and the case law on which he has relied, Torres v. Mullin, 317 F.3d 1145 (10th Cir.), cert. denied, 540 U.S. 1035 (2003)(Stevens, J., Opinion respecting denial of petition for certiorari); Torres v. Mullin, 540 U.S. 1037 (2003)(Breyer, J., dissenting), provides no basis to excuse or justify the untimeliness of this matter.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation issued on March 30, 2005;

(2) GRANTS Ward's Motion to Dismiss Petition for Habeas Corpus filed on February 8, 2005; and

(3) DISMISSES this matter as time-barred.

ENTERED this 25th day of April, 2005.

/s/ Lee R. West
LEE R. WEST
UNITED STATES DISTRICT JUDGE